IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

    Plaintiff,                    No. CIV S-03-2343 DFL PAN P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants move to dismiss certain claims[1] upon the ground plaintiff failed to exhaust available administrative remedies before bringing this action and for failure to state a claim upon which relief can be granted.[2] On August 23, 2005, the court provided plaintiff with

---

[1] Defendants concede plaintiff exhausted available remedies for his medical claims. (Motion to Dismiss, filed January 6, 2006, at 4.)

[2] By order filed August 23, 2005, the United States Marshal was directed to serve the amended complaint, filed July 11, 2005, on defendants Alameida, Hubbard, Runnels, Wagner, Jackson, Spirk, Johnson, Haak, Gamberg, Apple, Dusenbery, Campbell, Brogdon (identified as "Brogon"), Pontarolo, Roche, Watson, Rohlfing and Stovall. On January 6, 2006, defendants Roche, Brogdon, Alameida, Jackson, Runnels, Spirk, Pontarolo, Campbell, Apple, Johnson, Wagner, Stovall, Hubbard and Rohlfing filed the instant motion. On June 5, 2006, defendant Haak joined in the motion. A waiver of service signed on behalf of defendant Dusenbery was filed on October 27, 2005, and said defendant joined in the requests of several other defendants for extensions of time to respond to the amended complaint. (See Requests filed November 8, 2005 and December 9, 2005. It is unclear whether defendant Dusenbery has joined in the pending motion to dismiss, (see Motion to Dismiss, filed January 6, 2006, at 1; see also

the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies. Plaintiff has filed an opposition to the motion.[3]

This action is proceeding on plaintiff's amended complaint, filed July 11, 2005. Plaintiff claims that (1) defendant Watson failed to provide plaintiff with a lower-tier chrono following surgery on his right toe, which contributed to plaintiff falling down a flight of stairs on December 19, 2002[4]; (2) defendant Rohlfing failed to provide adequate medical care for injuries sustained when plaintiff fell down the flight of stairs; (3) defendants E. Campbell and S. E. Apple opened plaintiff's confidential outgoing mail, which led to a series of retaliatory acts against plaintiff by several correctional officials; (4) defendants Pontarolo and Gamberg retaliated against plaintiff for filing grievances by withholding plaintiff's television for a year; (5) defendants Gamberg and Haak retaliated against plaintiff by confiscating or denying him access to his wheelchair or walker at mealtimes so that plaintiff could not go to meals; (6) defendants Campbell and Apple refused to allow meals to be brought to plaintiff's cell; (7) defendant Dusenbery violated plaintiff's rights under the Eighth Amendment by opening plaintiff's cell door for the purpose of allowing another prisoner to attack plaintiff; (8) defendants E. Campbell

---

Defendant T. Haak's Amended Joinder in Motion to Dismiss, filed June 5, 2006), and he has not otherwise responded to the amended complaint. It is apparent, however, that plaintiff failed to exhaust administrative remedies for his claim against defendant Dusenbery and the court will therefore recommend dismissal of that claim without prejudice.

[3] On August 8, 2006, plaintiff moved to amend his opposition to add a contention that administrative exhaustion is not required for claims on which only money damages are sought if the administrative process does not provide money damages. This contention is without merit. See Panaro v. City of North Las Vegas, 432 F.3d 949, 952 (9th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 733-34 (2001)) ("section 1983 plaintiff seeking money damages is required to exhaust administrative remedies even if money damages are unavailable through the administrative grievance process.")

[4] On October 20, 2005, summons was returned unexecuted for defendant Watson and said defendant has not yet been served with process. On July 5, 2006, plaintiff filed a request for a court order requiring the United States Marshal to make a further attempt to serve defendant Watson. This request is addressed by separate order.

and K. Brogon violated plaintiff's rights under the Eighth Amendment by failing to intervene when the other prisoner attacked plaintiff; (9) defendants E. Campbell, K. Brogan, R. Dusenbery and R. Stovall conspired to conceal the misconduct by making a written report characterizing the attack as mutual combat; (10) defendants Alameida, Hubbard and Johnson deprived plaintiff of necessary physical therapy and rehabilitation, adequate exercise, religious freedom, visitation, and denial of access to necessary hygiene supplies during a lock-down following a June 17, 2003, riot between black and white prisoners; and (11) defendants H. Wagner, D. Jackson, C. J. Spirk and D. L. Runnels failed to log and consider his grievances about revocation of good-time credits and inadequate medical care, thereby denying him access to the courts.

I. Failure to Exhaust Administrative Remedies

    A. Legal Standards

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120. On a motion to dismiss for failure to exhaust available administrative remedies, "the court may look beyond the pleadings and decide disputed facts." Id.

> California has a grievance system for prisoners who seek to challenge their conditions of confinement. To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal.Code

> Regs., tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." App. 40-41. The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate. If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. See §§ 3084.5(b)-(d). Although California labels this "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." Id., at 40. The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. § 3084.5(b). Within 15 working days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate. If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within 15 working days of the prior decision. Within 10 working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. § 3084.5(e)(2).

Woodford v. Ngo, _ U.S. _, 126 S. Ct. 2378, 2383 (2006). The exhaustion requirement is met where an inmate completes an inmate grievance form provided by prison officials and then pursues all of the required steps of the administrative appeals process. See Butler v. Adams, 397 F.3d 1181, 1183 (2005) (citing Porter v. Nussle, 534 U.S. 516 (2002)).

B. Application

In support of their motion, defendants have presented evidence that plaintiff has not filed any grievances concerning any of the following: the alleged acts of retaliation, with the possible exception of the withholding of his television set; the alleged opening of plaintiff's cell door to permit another prisoner to attack him; any of the conditions allegedly caused by the

4

lockdown at High Desert State Prison (High Desert); the alleged denial of his right to free exercise of religion; or his claims concerning alleged denial of his right access the courts by interfering with plaintiff's ability to access the prison grievance system. (See Declaration of H. Wagner in Support of Defendants' Motion to Dismiss, filed January 6, 2006 (Wagner Declaration).) Defendants also present evidence that plaintiff filed a grievance concerning confiscation of his television set which was returned to plaintiff due to his alleged failure to seek an informal resolution of the matter and because he presented no evidence of ownership of a television or other proof that one had been confiscated from him. (Id. at ¶ 11.) A second grievance concerning the television set was screened out due to plaintiff's failure to provide proof he owned a television set or that one had been confiscated from him. (Id.) Defendants also present one Director's Level Decision, dated July 20, 2005, resolving at the final level of review a grievance filed by plaintiff in which he claims, inter alia, that he is being denied adequate medical care and that staff are "conspiring to avoid him and cover up his injuries" in retaliation for his filing a civil action, (Ex. A to Wagner Declaration), as well as the second level review decision on the same grievance that includes plaintiff's claim that the prison lockdown was interfering with his rehabilitation. (Ex. B to Wagner Declaration.)

In opposition to the motion, plaintiff relies on carbon copies of inmate grievances appended to the original complaint, as well as grievances appended to his opposition. Plaintiff contends that he prepared the copies because of an "unwritten" prison policy that prevents inmates from obtaining copies of grievances that they submit to prison officials. Plaintiff also contends that the grievances were never logged in by the Appeals Coordinator or the Warden at High Desert and, therefore, that he could not exhaust administrative remedies with respect to the grievances raised therein.

The copies of grievances attached to plaintiff's complaint are, for the most part, directed at matters not raised in the claims at bar. There are some grievances which do relate, at least tangentially, to claims raised in this action. In one, dated February 9, 2003, plaintiff

complains of his outgoing legal mail being opened. However, the claim at bar is that alleged acts of retaliation followed the alleged opening and inspection of plaintiff's legal mail; no retaliation is alleged in the February 9, 2003 grievance. In a grievance dated July 19, 2003, plaintiff claims that the appeals coordinator has violated his First Amendment rights by failing to place a log number on any of his 15 inmate grievances. This grievance appears to track the claim raised in paragraph 36 of the amended complaint. A grievance dated August 15, 2003, plaintiff complains that the prison lockdown is "impeding [his] rehabilitation efforts" and physical therapy treatment. Two other grievances relate to his television set, and there are two separate receipts for a television set appended to grievances attached to the original complaint.[5] In addition, plaintiff has appended to his opposition a grievance dated February 9, 2005, which sets forth many of the allegations concerning the prison lockdown that are included in the amended complaint filed July 11, 2005.

        The foregoing grievances are all completed in the first section with a description of the problem at issue  None show a date on which the grievance was submitted for informal level review, none contain a response at the informal level, and, of greatest significance on this motion, none have been completed for submission to the first formal level of review, the second formal level of review, or the third formal level of review. In order to satisfy the exhaustion requirement, plaintiff was obliged to at least attempt to seek formal level review of his grievance. Prison regulations require "evidence of an attempt to obtain informal level review" before submission of a grievance to the first formal level of review. tit. 15 Cal. Code Regs. § 3084.5(a)(1); see also Woodford, supra ("If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. See §§ 3084.5(b)-(d)."). Even if plaintiff is correct that prison officials at High

---

[5] Documents related to the alleged assault on plaintiff by another inmate are also appended to the complaint, but none of those documents evidence an attempted exhaustion of administrative remedies.

Desert ignored some or all of the grievances, he presented no evidence that he attempted to proceed to any formal level of review with any of them.

For the foregoing reasons, this court finds that plaintiff failed to exhaust administrative remedies with respect to any of the claims raised in this action except his claims that defendant Rohlfing failed to provide adequate medical care for injuries sustained when plaintiff fell down a flight of stairs on December 19, 2002 and his claim that the prison lockdown interfered with required rehabilitation and physical therapy following his injuries. The court will therefore recommend that defendants' motion to dismiss be granted and that all claims except those two claims be dismissed without prejudice.

II. Failure to State A Claim

A. Legal Standards

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

B. Application

Defendants Alameida and Hubbard, both of whom are former directors of the California Department of Corrections and Rehabilitation , seek dismissal on the ground that there is no allegation of that either of them were personally involved in any aspect of the events connected to the lockdown at High Desert, or that plaintiff's alleged inability to access physical therapy or rehabilitation during the lockdown was the result of an policy promulgated or implemented by either of them. Defendant Johnson, a captain at High Desert, raises similar contentions.

Plaintiff's exhausted claim with respect to the lock-down is that he could not obtain adequate medical care and rehabilitative opportunities while it was in effect. His sole charging allegation against defendants Alameida, Hubbard and Johnson are that they "are all responsible." (Amended Complaint, at 5.) Without more, that allegation is insufficient to state a cognizable claim for relief against any of these three defendants. The court will therefore recommend that the motion to dismiss be granted as to these three defendants. Because the court cannot determine with certainty that plaintiff could not state a cognizable claim that his alleged inability to access necessary medical care during the prison lockdown is attributable to acts or omissions, including explicit or implicit policies, of one or more of these defendants, the court will also recommend that plaintiff be given a period of thirty days in which to file a motion for leave to file a second amended complaint that states a cognizable claim for relief against one or more of these three defendants.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 6, 2006 motion to dismiss, joined by defendant Haak on June 5, 2006, be granted;

2. Plaintiff's claims against all defendants except defendants Rohlfing and Watson be dismissed without prejudice for failure to exhaust administrative remedies prior to suit;

3.  All claims against defendants Alameida, Hubbard and Johnson except the plaintiff's claim that the prison lockdown deprived him of access to necessary physical therapy and rehabilitation services be dismissed without prejudice for failure to exhaust administrative remedies prior to suit;

4.  Plaintiff's claim against defendants Alameida, Hubbard and Johnson that the prison lockdown deprived him of access to necessary physical therapy and rehabilitation services be dismissed with leave to amend;

5.  Plaintiff be granted a period of thirty days from the date of any order by the district court adopting these findings and recommendations in which to file a motion for leave to file a second amended complaint that states a cognizable claim for relief against defendants Alameida, Hubbard, and/or Johnson; and

6.  Defendant Rholfing be directed to file and serve an answer to the amended complaint within twenty days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Written objections may be filed within fourteen days of the date of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2006.

UNITED STATES MAGISTRATE JUDGE

12/004;broo2343.57