IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

    Plaintiff,                              No. CIV S-03-2343 DFL PAN P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.                        <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2006, plaintiff filed a motion for preliminary injunction.[1] By the motion, plaintiff seeks an order requiring prison officials to transfer him to Lancaster State Prison to prevent further alleged acts of retaliation.

/////

---

[1] Plaintiff's motion was not served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. <u>See</u> Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. <u>See</u> Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. <u>See</u> Local Rule 5-135(b) and (c).

1

1  The legal principles applicable to a request for preliminary injunctive relief are
2  well established.  To prevail, the moving party must show either "(1) a likelihood of success on
3  the merits and the possibility of irreparable injury, or (2) the existence of serious questions going
4  to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland
5  Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985),
6  quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984);
7  see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations
8  represent two points on a sliding scale with the focal point being the degree of irreparable injury
9  shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
10  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
11  significant showing of irreparability, the court need not reach the issue of likelihood of success
12  on the merits.  Id.

13  The principal purpose of preliminary injunctive relief is to preserve the court's
14  power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11
15  Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer
16  irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
17  chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International,
18  Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International
19  Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit
20  in this required showing is that the relief awarded is only temporary and there will be a full
21  hearing on the merits of the claims raised in the injunction when the action is brought to trial.

22  In addition, as a general rule this court is unable to issue an order against
23  individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine
24  Research, Inc., 395 U.S. 100 (1969).

25  Plaintiff's motion is predicated on an alleged act of excessive force committed by
26  a prison guard at High Desert State Prison against plaintiff on April 27, 2006, and the alleged

1  delay in return of plaintiff's property to him after a seven day period in administrative
2  segregation.  The guard is not a defendant in this action, nor is either the alleged incident of
3  excessive force or the alleged delay in return of plaintiff's property at issue in any of the claims
4  raised in this action.  Moreover, plaintiff has presented no evidence that either of the incidents
5  were in any way related to the claims at bar.

6  　　　　Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's July 5, 2006
7  motion for preliminary injunction be denied.

8  　　　　These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
13 failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
broo2343.pi