IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

      Plaintiff,                        No. CIV S-03-2343 DFL EFB P

     vs.

EDWARD S. ALAMEIDA, JR., et al.,

      Defendants.            <u>ORDER</u>

      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to 42 U.S.C. § 1983. On October 23, plaintiff filed a second amended complaint without seeking leave of court to do so. On September 27, 2006, defendant Rohlfing filed an answer to plaintiff's amended complaint. Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Plaintiff has filed neither a motion to amend nor a stipulation to amend the complaint signed by all parties. Plaintiff's amended complaint will therefore be stricken, and this action will proceed on the complaint filed June 11, 2005.

      Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain

1

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff has also requested the appointment of a certified law student. A certified law student "may engage in the following activities on behalf of a nongovernmental client only with the approval and under the direct and immediate supervision and in the personal presence of the Supervising Attorney or the Supervising Attorney's designee." *See* Local Rule 83-181 d(2). The court will deny plaintiff's request for the appointment of counsel, as explained above, and for the foregoing reasons will also deny plaintiff's request for the appointment of a certified law student.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 23, 2006, amended complaint is stricken;

2. Plaintiff's November 13, 2006, request for the appointment of counsel is denied; and

3. Plaintiff's November 13, 2006, request for the appointment of a certified law student is denied.

DATED: December 4, 2006.,

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2