IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

        Plaintiff,                               No. CIV S-03-2343 RRB EFB P

     vs.

EDWARD S. ALAMEIDA, et al.,

        Defendants.                ORDER

       Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motions for leave to file an amended complaint and defendant Rohlfing's motion for summary judgment. Also before the court are plaintiff's request to extend the discovery deadline and motion to compel discovery. Plaintiff further moves to vacate an earlier order striking his second amended complaint. Finally, he has filed a motion requesting the court's assistance in substituting parties.

**I. PLAINTIFF'S MOTIONS TO VACATE THE COURT'S ORDER STRIKING HIS SECOND AMENDED COMPLAINT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT**

       On August 28, 2006, the previously assigned magistrate judge issued findings and recommendations recommending dismissal of all of plaintiff's claims for failure to exhaust administrative remedies except those against defendants Rohlfing and Watson. The findings and

1

recommendations further recommended dismissal, with leave to amend, of plaintiff's claim against defendants Alameida, Hubbard, and Johnson premised on an allegation that a prison lockdown deprived him of access to necessary physical therapy and rehabilitation services. The district judge adopted the findings and recommendations and, in an order dated September 29, 2006, granted plaintiff a period of 30 days in which to file a motion for leave to amend the complaint together with a proposed amended complaint that states a cognizable claim for relief against defendants Alameida, Hubbard, and Johnson, in addition to his claim against defendants Watson and Rohlfing.

On October 23, 2006, plaintiff timely filed a second amended complaint, which was dismissed by order filed December 5, 2006, for failure to seek leave of court. That dismissal was the result of a clerical error. As noted, plaintiff was given leave to amend and directed specifically to file an amended complaint. Good cause appearing, the court vacates the December 5, 2006, order striking the second amended complaint and orders the second amended complaint to be reinstated on the docket.

On December 26, 2006, plaintiff filed another motion for leave to amend together with a document designated as a "supplemental complaint." He seeks to name nine new defendants regarding facts that took place after the initial filing of the instant action.[1] Plaintiff states new claims that are distinct from those contained in his second amended complaint. Therefore, the pleading is not truly a "supplemental complaint," but a new and separate complaint. That complaint will be used to open a new case.

**II.    DEFENDANT ROHLFING'S MOTION FOR SUMMARY JUDGMENT**

On March 2, 2007, defendant Rohlfing filed a notice of motion and motion for summary judgment directed at plaintiff's complaint filed July 11, 2005. In light of this order vacating the

---

[1] Plaintiff seeks to add as defendants T. Felker, M. Wright, J. Street, G. Marshall, R. Perry, D. Vanleer, J. Feliciano, McCloughan, and L. Starcevich regarding a claim of excessive force.

2

order erroneously striking the amended complaint filed on October 23, 2006, the court denies defendant's motion for summary judgment without prejudice to its refiling in response to the operative complaint.

### III. PLAINTIFF'S MOTIONS TO EXTEND THE DISCOVERY DEADLINE AND TO COMPEL DISCOVERY

On December 26, 2006, plaintiff filed a motion seeking an extension of the time for completion of discovery together with a motion to compel responses to certain discovery served by plaintiff. Plaintiff moves to compel the production of answers to plaintiff's first set of interrogatories directed to defendant Rohlfing, and to produce documents for inspection. Defendants oppose plaintiff's motion on the grounds that it is untimely and that the request for discovery was not properly served.

The scheduling order of September 13, 2006, established the deadline for completion of discovery as December 22, 2006. Plaintiff's motion is date stamped as having been filed with the court on December 26, 2006, four days after the deadline for discovery expired. However, the date of "filing" turns on the date a *pro se* prisoner delivers the notice to prison authorities for mailing, not when the document is date stamped by the court. *Houston v. Lack*, 487 U.S. 266 (1988). The date that the motion was delivered by plaintiff to prison authorities is unclear. The proof of service for plaintiff's motion is dated only with the month and the year of "December 2006." However, the motion itself is dated December 15, 2006. The court date stamped the motion as received on December 26, 2006. The reasonable inference from these facts is that plaintiff delivered the motion to prison authorities on or about December 15, 2006 and prior to the close of the discovery deadline.

However, that is not the end of the inquiry. The discovery cutoff date includes the requirement that discovery be conducted in a manner so that all discovery, including hearing and ruling on any motion to compel, as well as compliance with the order, is completed prior to the cutoff date. The instant motion does not appear to be so timed. However, it is difficult to lay

responsibility for the failure to timely complete discovery at the feet of the prisoner alone. Defendant has effectively stonewalled the plaintiff's discovery requests. Without justification, defendant failed to respond to the requests in any way. Moreover, as discussed below, the grounds argued here as a basis for not responding are wholly without merit. For these reasons, the time for completion of discovery is extended for the limited purpose of resolving this motion and complying with this order.

In opposition to the motion to compel, defendant argues that he was not properly served with the requested discovery. Clearly, defendant was served. However, citing Fed. R. Civ. P. 4(c)(2) and 5(a), defendant makes the curious argument that the discovery requests must be served in the same manner as required for service of process for the summons and complaint. Rule 4(c)(2) mandates that service of the *complaint* "may be effected by any person who is not a party and who is at least 18 years of age." The manner for service of process under Rule 4(c)(2) to obtain personal jurisdiction over a party has no application to service of discovery requests. Rather, Rule 5(a) merely states that "every paper relating to discovery required to be served upon a party . . . shall be served upon each of the parties." Further, Rule 5(b) dictates that service "on a party represented by an attorney is made on the attorney . . . by mailing a copy to the last known address of the person served. Service by mail is complete on mailing." *See* Fed. R. Civ. P. 5(b)(1), (2)(B). Plaintiff has complied with the Federal Rules in seeking his discovery and his motion to compel is granted.

Plaintiff includes in his motion a request for the reimbursement of expenses reasonably incurred in the filing of the motion, as is allowed under Federal Rule of Civil Procedure Rule 37(a)(4). Rule 37(a)(4)(A) provides that, if a motion to compel is granted:

> the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that

4

other circumstances make an award of expenses unjust.

The court finds that plaintiff has made a good faith effort to obtain the disclosure of discovery without court action and that defendant's nondisclosure lacked substantial justification. Accordingly, an award of expenses in bringing the motion is appropriate. Further, in opposing plaintiff's motion to compel, wherein plaintiff specifically requests the award of costs in bringing the motion, defendant had an opportunity to be heard. Defendant's reasons for not responding the discovery requests are not substantially justified and an award of costs is appropriate. However, the court notes that plaintiff is proceeding pro se and has not incurred attorney's fees as a result of the motion. The court therefore directs plaintiff to submit an affidavit, within 30 days, containing a bill of the costs that lists and describes the expenses he reasonably incurred in bringing this motion.

Under Rule 33(b)(4), "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Defendant has failed to object to any of plaintiff's interrogatories, either directly or within his opposition to plaintiff's motion to compel. Defendant has therefore waived any and all objections to plaintiff's interrogatories and, pursuant to this order, shall serve complete responses to those interrogatories within 20 days of the filing of this order. Failure to comply with this order may result in the imposition of sanctions. *See* Local Rule 11-110.

**IV.    PLAINTIFF'S MOTION REQUESTING JUDICIAL INTERVENTION**

On January 29, 2007, plaintiff filed a document styled as a "motion requesting judicial intervention," seeking assistance from the court in substituting parties following the suggestion on the record of the death of defendant Watson, filed October 23, 2006. By his motion, plaintiff asks the court to assist him in "obtaining all pertinent information pertaining to the appropriate perspective substitutions resulting from the death of defendant Watson, such as a spouse and/or inheritors."

Federal Rule of Civil Procedure, Rule 25(a)(1), provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party . . . and, together with the notice of hearing, shall be served on the parties. . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party.

Rule 25(a)(1), Fed. R. Civ. P. provides for the substitution of a party and further provides that the service of notice on the parties is required only for the purpose of such substitution; that if in personam jurisdiction has been previously acquired of the original party, then the in personam jurisdiction continues over the substituted party.

The suggestion of death filed by defendants' Litigation Coordinator on October 23, 2006, does not indicate that service of the suggestion was effected upon the deceased's personal representative; therefore, the 90-day period has not yet been invoked. *See Sanders v. Neubarth*, No. 1:05-cv-00076 AWI SMS P, 2006 WL 3780873 (E.D. Cal. 2006) (Ninety-day substitution period not triggered by the defendants' notice due to lack of declaration of service or other proof reflecting proper service on nonparty successors or representatives of plaintiff).

Defendant's counsel is directed to investigate the status of defendant Watson's estate. If counsel is able to obtain from his client's employer the name and address of the representative of defendant Watson's estate, counsel shall serve the notice of suggestion of death on the representative and file proof of service reflecting the name and address of the person served. If counsel is unable to obtain information about a successor or representative, counsel shall file a declaration in which he describes the efforts made to comply with this order.

The filing of a proof of service of the suggestion of the death of defendant Watson on a personal representative will then trigger the running of the 90-day period, during which plaintiff must file any motion for substitution. *Jackson v. Rowlett*, 2007 WL 397114 (E.D. Cal. 2007).

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's December 26, 2006, motion to vacate the portion of the December 5, 2006, court order striking his second amended complaint is granted;

6

2. The court's December 5, 2006, order is vacated in part, regarding the striking of plaintiff's second amended complaint;

3. The Clerk of the Court is directed to reinstate plaintiff's October 23, 2006, second amended complaint on the docket and send to plaintiff a copy of the second amended complaint;

4. Defendants are directed to respond to the second amended complaint within 20 days. Upon filing of the responsive pleading, the court will issue a scheduling order providing new discovery and law and motion deadlines as appropriate;

5. Plaintiff's supplemental complaint is deemed an attempt to initiate proceedings in a new action; therefore the Clerk of the Court is directed to remove plaintiff's December 26, 2006, supplemental complaint from this action and open a new civil case for it;

6. The Clerk of the Court is directed to send plaintiff a copy of the application to proceed in forma pauperis for his use in initiating the new action as described in his "supplemental complaint";

7. Plaintiff's December 26, 2006, motion to extend the deadline for discovery is granted and the deadline is extended for the limited purpose of resolving this motion and for defendant to comply with this order;

8. Plaintiff's December 26, 2006, motion to compel is granted;

9. Defendant Rohlfing is directed to comply with plaintiff's discovery requests by answering plaintiff's first set of interrogatories and producing the requested documents for inspection within 10 days of the date this order is served. Failure to comply with this order may result in the imposition of sanctions. *See* Local Rule 11-110;

10. Plaintiff shall file, within 30 days of the date this order is served, an affidavit setting forth the costs he reasonably incurred in bringing his motion to compel;

11. Defendants' counsel shall make a reasonable investigation into the status of defendant Watson's estate and, if a representative of the estate is discovered, shall serve the suggestion of death of defendant Watson in accordance with Rules 4 and 25 on the

representative;

12. Within sixty days after this order is signed, defendants' counsel shall file either a proof of service reflecting proper service of the suggestion of death on the representative of defendant Watson's estate or, if counsel is unable to effect such service, a declaration concerning the efforts made to comply with this order.

13. In light of the district judge's September 29, 2007, order directing plaintiff to file a second amended complaint, defendant Rohlfing's motion for summary judgment is denied without prejudice to its refiling under the new schedule to be issued.

DATED: August 16, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE