IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

    Plaintiff,                              No. CIV S-03-2343 RRB EFB P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.                         <u>ORDER</u>

_____/

        Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. By order filed August 17, 2007, the court directed defendants to file either a proof of service reflecting proper service of the suggestion of death on the representative of defendant Watson's estate or, if counsel is unable to effect such service, a declaration concerning the efforts made to comply with the order. On October 16, 2007, counsel for defendants Alameida, Hubbard, Roche, and Runnels filed a declaration stating that, he obtained the name of Watson's widow and an address and phone number for her in New Zealand. One of counsel's staff members telephoned Watson's widow in New Zealand. The person reached answered to the name "Mrs. Watson," and said she was Dr. Watson's representative, but refused to confirm her address or her first name.

/////

1

1    Defense counsel asserts that, because New Zealand is not a party to the Hague Service
2 Convention, under Federal Rule of Civil Procedure 4(f)(2), there is no internationally agreed-
3 upon means of service and that service may be effected as prescribed by the law by New Zealand
4 for service in that country, or as directed by the foreign authority in response to letters rogatory
5 or letter requesting judicial assistance.  In addition, service may be effected by personal service,
6 or by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of
7 the court to the party to be served, or by other means not prohibited by international agreement
8 as may be directed by the court.  *See* Fed. R. Civ. P. 4(f)(2)(C).  Counsel further stated that
9 according to the U.S. State Department, service by letters rogatory can take up to a year to
10 process.  Defendants have shown that the fastest, easiest, and least expensive method of service
11 is by mail with return receipt requested.  That method of service, however, can only be effected
12 by the court, not defense counsel.  *See* Fed. R. Civ. P. 4(f)(2)(C)(ii).

13    The court will therefore direct the Clerk of the Court to mail a copy of the service
14 documents to Dr. Watson's widow by certified mail.

15    Accordingly, IT IS HEREBY ORDERED that defense counsel shall, within 10 days of
16 the date this order is served, submit to the court by informal letter the contact information for Dr.
17 Watson's widow.

18 Dated:  January 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2