IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

      Plaintiff,                      No. CIV S-03-2343 JAM EFB P

    vs.

EDWARD S. ALAMEIDA, et al.,

      Defendants.                <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants and plaintiff have requested extensions of time. Each are addressed separately below.

**I.    Defendants' July 31, 2008 Request for an Extension of Time**

      It is apparent from defendants' multiple requests that counsel must focus attention on this case. On May 16, 2008, counsel for defendants, citing pressing business in other cases, requested an extension of time in which to file a motion for summary judgment. The court granted defendants' request and gave defendants until June 15, 2008 to file their motion. The June 15, 2008 deadline passed, and defendants did not file such a motion.

      On June 20, 2008, counsel for defendants filed a second request for an extension of time, again explaining that pressing business in other cases prevented compliance with the filing

1

deadline. Defendants requested until July 31, 2008 to file and serve the motion.

On July 31, 2008, defendants had still not filed a motion for summary judgment, and counsel for defendants filed the instant (and third) request for an extension of time, again explaining that pressing business in other cases prevented compliance with the filing deadline. The instant request sought an extension until "August 31, 2008 to file and serve the motion for summary judgment and response to Plaintiff's motion to compel."[1] *See* Defendants' Proposed Order lodged July 31, 2008.

The time for seeking summary judgment was set in the November 15, 2007, scheduling order. Pursuant to the scheduling order, dispositive motions were to be filed no later than May 2, 2008. The court later extended that deadline to June 15, 2008. Defendants' current request seeks modification of a deadline originally established by the scheduling order and, accordingly, the court construes defendants' motion as one to modify the scheduling order. Such are request is governed by Rule 16 of the Federal Rules of Civil Procedure.

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Counsel for defendants asserts that his busy schedule has made it impossible to comply with the filing deadline. Such an assertion may satisfy the standard under Rule 6 of the Federal Rules of Civil Procedure, but Rule 6 but simply does not address the requirement of "good cause" under Rule 16(b). There may be good cause for the requested modification, but counsel has not explained in any of the three requests what has been done on this case, or what remains to be done but cannot be done in spite of the exercise of due diligence. The clear inference from the three requests is that defendants or their counsel have simply decided that this case is less important than others in their caseload. This is not a basis for modifying the schedule.

---

[1] The requested new deadline had now expired. Presumably, defendants have long since prepared the motion and are awaiting an order on the instant request before filing the motion.

1  Defendants have failed to make the showing required to modify the deadline for filing
2  dispositive motions.  Nevertheless, the court has no interest in trying a case that should be
3  resolved by an appropriate motion.  The court must manage its docket and for that reason will
4  grant one last extension of this deadline.  Defendants shall, within thirty days from the date this
5  order, either file their motion for summary judgment or file a statement that they have
6  determined not to file any such motion.  There will be no further extension of this order and
7  failure to comply may result in sanctions..

8  **II.    Defendants' September 11, 2008 Request for an Extension of Time**

9  Defendants request an extension of time to file and serve their opposition to plaintiff's
10 motion to compel discovery.  *See* Fed. R. Civ. P. 6(b).  Defendants' September 11, 2008 request
11 is granted and their opposition brief is deemed timely filed.

12 However, clarification from defendants is needed regarding their description of plaintiff's
13 request for production of documents that was served on defendants.  Defendants' opposition
14 brief states that plaintiff propounded a request for production of documents on defendants
15 Runnels and Hubbard only.  However, attached to one of plaintiff's May 30, 2008 motions, is a
16 request for production of documents directed to defendants Alameida and Hubbard.  *See* Docket
17 No. 123.  Defendants are directed to clarify this apparent inconsistency.  Additionally, if plaintiff
18 propounded a request for production of documents on defendant Alameida, to which Alameida
19 has not responded, Alameida must now respond.

20 Furthermore, defendants' opposition brief only addresses plaintiff's May 2, 2008 motion
21 to compel.  On May 30, 2008, plaintiff filed two additional discovery motions, wherein plaintiff
22 seeks the following: 1) responses to interrogatories from defendant Runnels; 2) further responses
23 to interrogatories from defendants Alameida, Hubbard, and Roche; and 3) responses to request
24 for admissions.  On April 9, 2008, the court granted defendants' third request for an extension of
25 time to respond to plaintiff's discovery requests.  Defendants' responses were due on May 9,
26 2008.  The court finds that plaintiff's motions, filed May 30, 2008, were timely filed.

Accordingly, defendants are directed to file a response to these motions within fifteen days.

**III.    Plaintiff's Request for an Extension of Time**

Finally, plaintiff requests an extension of time to file and serve a reply to defendants' opposition to plaintiff's motion to compel discovery.  *See* Fed. R. Civ. P. 6(b).  Plaintiff's October 16, 2008 request is granted.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' July 31, 2008 request for an extension of time to file a motion for summary judgment, construed as a motion to modify the scheduling order, is granted, and defendants shall, within 30 days from the date this order is served,  file and serve a dispositive motion or, alternatively file a statement that defendants have determined not to file a motion for summary judgment in this case.  There shall be no further extension of this deadline.

2. Defendants' September 11, 2008 request for an extension of time is granted and their opposition brief is deemed timely filed.

3. Defendants are directed to clarify the apparent inconsistency regarding plaintiff's request for production of documents.  The clarification shall be made in a supplemental brief, filed no later than 15 days from the date this order is served.  If plaintiff propounded a request for production of documents on defendant Alameida, to which Alameida has not responded, Alameida must respond no later than 15 days from the date this order is served.

4. Plaintiff's May 30, 2008 motions are deemed timely filed and defendants are directed to file and serve a response, no later than 15 days from the date this order is served.

5. Plaintiff's October 16, 2008 request for an extension of time is granted and plaintiff's November 19, 2008, reply is deemed timely filed.

////

////

////

1    6.  If plaintiff desires to file a reply brief to any of defendants' subsequent pleadings, as
2 ordered herein, plaintiff shall do so within 15 days from the date he is served with such a
3 pleading.
4 DATED:  November 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE