IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

    Plaintiff,                 No. CIV S-03-2343 JAM EFB P

    vs.

EDWARD S. ALAMEIDA, et al.,     <u>ORDER DENYING PLAINTIFF'S DISCOVERY
MOTIONS AND DIRECTING THE FILING OF</u>
    Defendants.              <u>PRETRIAL STATEMENTS</u>

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The matter is currently before the court on plaintiff's motions to compel discovery. This action proceeds on plaintiff's October 23, 2006 second amended complaint against defendants Alameida, Hubbard, Runnels and Roche alleging violations of plaintiff's Eighth Amendment rights. Plaintiff alleges he should not have been housed in an upper tier following foot surgery, that he should have been provided with adequate care following his fall down some stairs on December 23, 2002, and that the implementation of a two-year lockdown impeded his recovery. Each of these facts, he claims, violated his Eight Amendment rights.

    On May 2, 2008, plaintiff filed a motion to compel discovery. On May 30, 2008, he filed two additional discovery motions, to which defendants did not respond. Accordingly, on

////

1

November 24, 2008, the court ordered defendants to respond to plaintiff's motions.[1] On December 9, 2008, defendants complied and filed a supplemental opposition brief.[2] For the reasons stated below, plaintiff's motions must be denied and the court sets the matter for pretrial conference.

**I.    Plaintiff's May 2, 2008 Motion to Compel (Docket No. 118)**

Plaintiff requests an order to defendants to produce: (1) rules, regulations, and policies of the California Department of Corrections and Rehabilitation ("CDCR") concerning treatment of prisoners with neck strain/swelling of the vertebra column causing spasms; (2) all written statements regarding incidents on December 6, 2002, December 19, 2002, December 23, 2002, December 25, 2002, December 27, 2002, and June 17, 2003 through 2005; (3) his medical records from December 6, 2002 through April of 2008; and (4) his complete prison records.

Plaintiff propounded a request for production on defendants Alameida and Hubbard, but did not propound a request for production on defendants Runnels or Roche. Defs.' Supplemental Opp'n to Pl.'s Mot. to Compel ("Defs.' Supp. Opp'n") at 2, Decl. of Steele in Supp. Thereof ("Steele Decl.") ¶ 6, Ex. E. Thus, there is no basis for granting plaintiff's motion to compel as to defendants Runnels and Roche. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (authorizing a party to file a motion to compel discovery where a party has failed to respond to a request for production of documents). Therefore, the court will address plaintiff's motion only to the extent it seeks to compel discovery from defendants Alameida and Hubbard.

---

[1] That order also summarized defendants' multiple requests for extensions of time to file a motion for summary judgment. Nov. 24, 2008 Order at 1-3. The court found that defendants failed to satisfy the good cause standard for modifying the scheduling order to extend the deadline for filing dispositive motions, but acknowledged it had no interest in trying a case that should be resolved by an appropriate motion. *Id.* at 3. Accordingly, the court directed defendants to, within thirty days, file a motion for summary judgment or a statement that they would not file such a motion. *Id.* at 4. On December 24, 2008, defendants filed a notice stating that they would not file such a motion in this action.

[2] In their supplemental opposition brief, defendants also correct an error in their description of and responses to, plaintiff's request for production of documents, as further directed by the court in its November 24, 2008 order. *See id.* at 3, 4.

Plaintiff now seeks in his motion documents that he did not request in his discovery request; namely, documents containing CDCR rules and regulations regarding neck strain or swelling. *See* Steele Decl., Ex. E (copy of plaintiff's request for production and defendants' responses). Because plaintiff never sought such documents in discovery, his motion is denied as to this request.

Plaintiff also seeks to compel defendants to produce documents regarding incidents that occurred on various dates listed in his motion. This request, however, does not specifically correspond to any specific request for production. Rather, it overlaps with at least four of plaintiff's requests. *See id.* at Request Nos. 2, 3, 4, 7. Defendants assert that they produced all documents responsive to plaintiff's discovery requests other than confidential attorney-client communications. Defs.' Opp'n to Pl.'s Mot. to Compel ("Defs.' Opp'n") at 3, 4. In light of this response and the generalized nature of plaintiff's motion there is nothing more that can be ordered. Without knowing which requests for production plaintiff seeks to compel and on what grounds, the court must deny plaintiff's motion as to this request.

As to plaintiff's request for certain medical records, defendants assert that they have produced to plaintiff all of the medical records he sought in discovery. *Id.* at 4. While plaintiff asserts in his reply brief that defendants have only produced a portion of his medical records, he fails to provide any details as to what portion of his medical records he sought in discovery that defendants have refused to produce. *See* Pl.'s Nov. 19, 2008 Reply to Defs.' Opp'n ("Pl.'s Reply") at 1. Once again, plaintiff articulates no grounds upon which the court could grant his motion as to this request, and therefore, the motion is denied as to this request.

Finally, in response to plaintiff's request for his complete prison records, defendants agreed, in a supplemental response to plaintiff's request for production filed with their opposition brief, to make the complete contents of plaintiff's central file available to him. *See* Defs.' Opp'n, Decl. of Steele in Supp. Thereof, ¶ 3, Ex. B. Thus, plaintiff's motion as to this request is denied as moot.

**II.    Plaintiff's May 30, 2008 Discovery Motions (Docket Nos. 123, 124)**

In his May 30, 2008 motions, plaintiff seeks the following: (1) responses to interrogatories from defendant Runnels; (2) responses to request for admissions; and (3) further responses to interrogatories from defendants Alameida, Hubbard, and Roche. Pl.'s May 30, 2008 Mot. (Docket No. 123), Pl.'s Decl. ¶ 5, 6; Pl.'s May 30, 2008 Mot. (Docket No. 124).

Defendants assert that defendant Runnels prepared responses to plaintiff's request for interrogatories. However, they "cannot locate a proof of service, and cannot tell whether Runnels's name was left off the proof of service or the responses were not served." Defs.' Supp. Opp'n at 3-4. Counsel for defendants also states that he will serve those responses on plaintiff as soon as possible. Steele Decl. ¶ 7. Plaintiff did not file a reply brief, and thus, it appears that defendants have satisfied plaintiff's request.

Defendants also assert that on April 4, 2008, defendants Alameida, Hubbard and Roche served responses to plaintiff's request for admissions. Defs.' Supp. Opp'n at 2; Steele Decl., Ex. A. Counsel for defendants further asserts he did not receive request for admissions directed to defendant Runnels. Steele Decl. ¶ 2. Here, too, it appears that defendants have satisfied plaintiff's request.

Finally, plaintiff seeks further responses from defendants Alameida, Hubbard, and Roche to his requests for interrogatories. Plaintiff does not however, identify which requests that he contends require further responses or why the responses that were provided are deficient. The court has reviewed defendants' responses and it appears as though defendants' have responded in good faith. Thus, plaintiff has provided no basis on which to grant this motion.

**III.    Pretrial Conference**

The deadline for filing dispositive motions in this action has passed and no dispositive motions were filed. Accordingly, the court will now set the matter for pretrial conference and the trial date will be set in the forthcoming pretrial order. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses

named in his pretrial statement.

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

1. The prospective witness is willing to attend; and
2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

1. State the name, CDC Identification number, and address of each such witness; and
2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where

|   |   |   |
|---|---|---|
| 1 |   | the prospective witness informed the party of this willingness; or |
| 2 | 2. | The party can serve and file an affidavit sworn to by the prospective |
| 3 |   | witness, in which the witness states that he or she is willing to testify |
| 4 |   | without being subpoenaed. |

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who waspresent, and how the prospective witness happened to be in a position to     see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

////

////

## II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

## III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff *in forma pauperis* status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 2, 2008 motion to compel (docket no. 118) and plaintiff's May 30, 2008 discovery motions (docket nos. 123, 124) are denied.

2. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial within thirty days of the filing of this order. Plaintiff is advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

3. Defendants shall file their pretrial statement not later than twenty days after plaintiff's pretrial statement is filed.

4. Pretrial conference (as described in Local Rule 16-282) will be conducted on the file only, without appearance by either party.

5. The date for jury trial before the Honorable John A. Mendez will be set in the pretrial order.

DATED: April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE