IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. BROOKS,

      Plaintiff,                        No. CIV S-03-2343 JAM EFB P

    vs.

EDWARD S. ALAMEIDA, et al.,

      Defendants.                ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He currently seeks sanctions against defendant Runnels for discovery violations.

       On June 1, 2009, plaintiff filed a document styled "motion for reconsideration."[1] Dckt. No. 154. The court construed that motion as a motion for discovery sanctions, as plaintiff claimed counsel for defendants had not made available to plaintiff the complete contents of his central file, nor had defendant Runnels served plaintiff with responses to plaintiff's request for interrogatories, despite the facts that counsel for defendants represented to the court that such discovery would be provided to plaintiff, and that the court had relied upon those representations

---

[1] Additionally, plaintiff requested a writ of habeas corpus ad testificandum for an incarcerated witness. *See* Docket No. 156. After a trial is scheduled, the court will, not later than six weeks before trial, issue a writ to provide for the attendance of any incarcerated witnesses allowed by the court. Thus, the request for the writ is denied as unnecessary.

1

in its April 30, 2009 order denying plaintiff's motions to compel, Dckt. Nos. 118, 123, 124.[2] *See* Dckt. No. 160. Defendants Roche, Alameida, Runnels and Hubbard responded to plaintiff's motion on July 2, 2009. Dckt. No. 162.

As to plaintiff's claim regarding access to his central file, defendants previously agreed to make the complete contents of plaintiff's central file available to plaintiff. *See* Dckt. No. 152 at 3. In their response to the pending motion, defendants assert that despite plaintiff's ability to access this file, he has "not elected to avail himself of the opportunity" to review the documents therein. Dckt. No. 162 at 5. Plaintiff does not assert otherwise, and his motion in this respect, is therefore denied. Plaintiff must follow appropriate procedures within his institution for requesting access to his central file.

Plaintiff also claims that Runnels has not provided responses to plaintiff's request for admissions. In its April 30, 2009 order, the court accepted defendants' representations that Runnels had not been served with a request for admissions. Dckt. No. 152 at 4. In the pending motion, plaintiff again requests responses to his request for admissions directed at defendant Runnels, but plaintiff does not demonstrate that he ever served such a request on Runnels. *See* Dckt No. 154. In response to the pending motion, defendants reiterate that Runnels was not served with such a request. Dckt. No. 162 at 3. Therefore, plaintiff's motion, to the extent it concerns Runnels' failure to respond to plaintiff's request for admissions, is also denied.

Finally, the court addresses plaintiff's claim that Runnels has not provided responses to plaintiff's interrogatories. On December 9, 2008, defense counsel informed the court that Runnels had prepared responses to plaintiff's interrogatories, but counsel could not "locate a proof of service" or "tell whether Runnels's name was left off the proof of service or the responses were not served." Dckt. No. 138 at 3-4. Counsel informed the court that he would

////

---

[2] In denying plaintiff's discovery motions on April 30, 2009, the court implicitly denied plaintiff's accompanying request for sanctions. *See* Dckt. No. 124.

1  serve those responses on plaintiff as soon as possible. *Id.*, Decl. of J. Steele ¶ 7.[3]  Seven months
2  later, in response to the court's June 26, 2009 order directing a response to the pending motion,
3  counsel informed the court that he served Runnels' responses to plaintiff's interrogatories on
4  June 29, 2009. Dckt. No. 162, Decl. of Irby ¶ 9, Ex. D. The court notes that plaintiff served his
5  interrogatories on Runnels over 17 months earlier, on January 30, 2008. Dckt. No. 162 at 2,
6  Decl. of Irby second ¶ 4. Counsel admits there is no proof of serving Runnels' responses to
7  plaintiff's interrogatories prior to June 29, 2009, but does not admit that the responses were not
8  timely served. Dckt. No. 162, Decl. of Irby ¶ 7. Given this record there is no basis for the court
9  to conclude that Runnels' responses were timely served.

10  Counsel relies on Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and argues that
11  the failure to respond to plaintiff's discovery requests, "if it occurred," was a result of counsel's
12  "mistake, inadvertence or excusable neglect." Dckt. No. 162 at 3, Decl. of J. Steele ¶ 6. Rule
13  6(b)(1)(B) allows a court to grant a motion for an extension of time where there is good cause
14  and the party's failure to act is due to excusable neglect. Counsel's explanation for the excessive
15  delay is that once he prepares discovery responses for service, he gives them to his staff to serve,
16  and "assume[s] it is done." *Id*. ¶ 5. This hardly excuses defense counsel for his and his office's
17  failure to comply with the Federal Rules of Civil Procedure. This abbreviated explanation
18  suggests that defense counsel accepts no responsibility for ensuring compliance with his
19  discovery obligations and provides no basis for the court to find good cause,
20  especially given counsel's complete failure to address why the responses were not promptly
21  served on plaintiff in December 2008, when counsel represented to the court that the responses
22  would be served "as soon as possible." *See* Dckt. No. 138, Decl. of J. Steele ¶ 7. This fact also

---

[3] From September 2007, until March 2009, defendants' counsel of record was Deputy Attorney General Jeffrey Steele. Dckt. No. 162, Decl. of J. Steele ¶ 1, Decl. of Irby ¶ 3. From March 6, 2009, until the present, Deputy Attorney General Todd D. Irby has been defendants' counsel of record. *Id.*, Decl. of Irby ¶ 3.

discredits defendants' argument that once the error was revealed, it was "promptly rectified." Dckt. No. 162 at 4. Thus, Runnels has not shown that the late responses were due to his counsel's excusable neglect. Nor has he or his counsel shown that the failure to timely respond to plaintiff's interrogatories was "substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

Runnels and or his counsel has failed to adequately justify his tardiness with respect to his responses to plaintiff's interrogatories, and in light of the tendered explanation sanctions are warranted for this conduct. Although plaintiff is not an attorney and has not incurred quantifying costs in bringing the instant, or earlier filed motions, deterrence for defendant's conduct is nonetheless warranted. The objections raised by Runnels in his responses to the interrogatories were not timely raised, and in light of the absence of good cause for lack of a timely response, those are deemed waived. *See* Fed. R. Civ. P. 33(b)(4). Specifically, the court finds that Runnels' objections to interrogatory numbers 4, 6, 8, 11, 12, and 13 are waived.[4] *See* Dckt. No. 162, Ex. B.

Accordingly, it is hereby ORDERED that plaintiff's June 1, 2009 "motion for reconsideration," construed as a motion for discovery sanctions, is granted to the extent that Runnels' objections contained in his untimely responses to plaintiff's interrogatories, are deemed waived as described herein. It is further ORDERED that plaintiff's June 1, 2009 request for a writ of habeas corpus ad testificandum is denied as unnecessary.

Dated: March 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The court notes that this ruling does not require Runnels' to produce the documents referenced by plaintiff in interrogatory number 11. *See* Dckt. No. 162, Ex. B.

4